United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50933
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NASARIO CHAVEZ-CALDERON, also known as Juan Soto-Gonzalez,
also known as Cruz Elias Chavez-Calderon, also known as
Julio Varela-Chavez, also known as Nicolas Sosa-Martinez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EL-02-CR-611-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Nasario Chavez-Calderon appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation/removal in violation of 8 U.S.C. § 1326.
Chavez-Calderon contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b) define separate offenses. He argues that the prior
conviction that resulted in his increased sentence is an element
of a separate offense under 8 U.S.C. § 1326(b) that should have

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

been alleged in his indictment. Chavez-Calderon maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

With certain exceptions not relevant in this case, Chavez-Calderon waived the right to "appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 . . . ." Chavez-Calderon contends that the waiver-of-appeal provision has no effect on his appeal because his sentence exceeds the statutory maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). The Government has not filed a brief in this case and has not requested that the waiver-of-appeal provision be enforced. Even if Chavez-Calderon's argument is not precluded by his waiver-of-appeal provision, it is foreclosed. Accordingly, we pretermit consideration of the waiver issue.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Chavez-Calderon acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984

(5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.